McKinney, J.
delivered the opinion of the court.
It appears from the proof in this cause, that shortly before the 31st of July, 1847, a verbal contract was entered into between the plaintiff in error and the defendant; by which the former agreed to sell and the latter to purchase, a certain tavern-house, with the yard, garden, stables, and other appurtenances, situate in the town of McMinnville, called the “Cain house,” at the price of $2700, The plaintiff in error, at the time of said contract, was the owner of another tavern-house in said town, known as the “Jewel house”; and at the time of said contract of sale, and in consideration thereof, it was expressly stipulated and agreed on the part of the plaintiff in error, “that the Jewel house was to be closed and not used as a tavern-house.”
In pursuance of this agreement, a deed of conveyance, in the ordinary form was executed and delivered for said property by Leinau to Smart, on the 31st July, 1847; but the agreement in respect to the “Jewel house” was not incorporated into said deed.
It further appears that, some time after said contract, Leinau leased said “Jewel house,” and permitted part thereof to be occupied and used as a ’ tavern, or public inn, from the 1st *309 January, 1843, to 1st January, 1850. To recover damages for this breach of said agreement, this suit, which is a special -speei-ai-action of assumpsit, was brought. The plaintiff below, on the issue of non-assumpsit, recovered damages to the to the amount of $125; and a new trial being refused, an appeal in error was prosecuted to this court.
1. The agreement for the plaintiff in error assumes, that because the stipulation in relation to the “Jewel house” was not reduced to writing and inserted in the deed of conveyance, parol evidence of such agreement was wholly inadmissible. This argument is fallacious. It is very clear that parol testimony cannot be admitted to add to a written agreement a term or stipulation agreed upon between the parties before or at the time the agreement was reduced to writing, to be part of the written instrument, but not introduced therein; for this would be in effect to alter such agreement. Chitty on Con. 107, (ed. of 1848,) Stark. Ev. 559. But it is no less clear, that this principle does not apply to a case like the present. Here the original agreement between the parties, no part of which was reduced to writing, was a matter altogether dis-tiuct from the deed of conveyance subsequently executed, pursuant to one of the stipulations of said agreement: and the stipulation in respect to the “Jewel house,” upon which this action is founded, was entirely collateral to, and independent of the stipulation for the sale and conveyance of the “Cain house.” The deed for the latter property is in no sense in question in this suit; nor does the parol evidence adduced to support the present action in the slightest degree affect, much less vary or contradict any of its terms.
But it is well settled upon authority, that at common law, in cases where the contract is not affected by the statute of frauds, additional terms may be established by parol testimony and shall not be excluded by the existence of a written agreement; as where the additional terms amount to a sub *310 stantial collateral agreement. Chitty on Con.-SOS, 2 Stark. Ev. 551 555. Where there was a written contract “for the hire of a horse for six weeks at two guineas,” Lord Ellen-borough permitted parol testimony to be given, that at the time of hiring it was expressly stipulated, that as the horse was used to shy, the hirer if he took him should be liable to all accidents; And this upon the principle that the written memorandum of the contract was confined to one part only of the transaction. 1 Stark. R. 267. In 1 Greenl. Ev. sec. 'a., it is laid down that the rule excluding parol evidence does not apply, in cases where the original contract was verbal and entire, and a part only of it was reduced to writing. So it has been held competent to prove an additional and supplementary agreement by parol. Id. sec. 304. Upon these authorities it is clear that the parol testimony was properly admitted.
2. It is too obvious to admit of discussion that the agreement of the plaintiff in error, that the “Jewel house” should not be used as a tavern, is not affected by any provision of the 1st section of the Statute of Frauds, (1801, ch. 25.) That portion of the section in relation to agreements which are not to be performed within the space of one year from the making thereof, has been supposed to be applicable. This enactment extends only to contracts which are not to be carried into full, effective, and complete execution within a year from the making thereof; or, in other words to cases, in which by the express appointment or understanding of the parties the thing is not to be performed within a year. Chitty. on Con. 67-68. Of necessity, it can be applicable only to affirmative contracts; for how can it be held to apply to a negative contract or stipulation — to a thing not only not to be done within a year, but not to be done at all, at any time?
Let the judgment of the Circuit Court be affirmed.